## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

TRICIA O'TOOLE,

       Plaintiff,                     CASE NO: 8:11-CV-02724-SDM-AEP

vs.

NAPA HOME AND GARDEN, INC., a foreign corporation
FUEL BARONS, INC., a foreign corporation,
LOSOREA PACKAGING, INC., a foreign corporation,
THE BRASS EXCHANGE, INC., a foreign corporation,
PLASTIC BOTTLE CORPORATION,
a foreign corporation, and APOLLO TECHNOLOGIES, INC.,
a foreign corporation

       Defendants.
_____/

### AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, TRICIA O'TOOLE, by and through her undersigned attorney, and files this Amended Complaint and Demand for Jury Trial against Defendants, NAPA HOME AND GARDEN, INC., a foreign corporation, FUEL BARONS, INC., a foreign corporation, LOSOREA PACKAGING, INC., a foreign corporation, THE BRASS EXCHANGE, INC., a foreign corporation, PLASTIC BOTTLE CORPORATION, a foreign corporation, and APOLLO TECHNOLOGIES, INC., a foreign corporation, and alleges as follows:

### GENERAL ALLEGATIONS

1.     This is an action for damages which exceed $75,000.00, exclusive of interest and costs between citizens of different States. The Court, therefore, has subject matter jurisdiction pursuant to 28 U.S.C. §1332.

2.      At all times material to this action, Plaintiff, TRICIA O'TOOLE, resided in Sarasota, Sarasota County, Florida.

3.      At all times material to this action, Defendant, NAPA HOME & GARDEN, INC., was a California corporation with its corporate headquarters and principal place of business in Cobb County, Georgia.   At all times relevant herein, NAPA HOME & GARDEN, INC. conducted substantial business in Florida, and the cause of action herein arises out of a tort committed in Florida and out of Defendant's business activities in Florida.   Additionally, Defendant caused injury to Plaintiff within Florida and was engaged in solicitation or service activities within Florida and/or processed, serviced, or manufactured products, materials, or things that were used or consumed within this state in the ordinary course of commerce, trade, or use.  Therefore, personal jurisdiction is proper under Fla. Stat. §48.193 and the Due Process Clause of the United States Constitution.

4.      Defendant NAPA HOME & GARDEN, INC. is currently in Chapter 7 bankruptcy in the Northern District of Georgia (Case No. 11-69828, Judge Bihary) and is protected by the automatic-stay under section 362 of the United States Bankruptcy Code, 11 U.S.C. § 362.  On September 13, 2011, Plaintiff TRICIA O'TOOLE filed a motion seeking stay relief to file and pursue a lawsuit against Defendant NAPA HOME & GARDEN, INC. After holding a hearing on the foregoing motion, Judge Bihary issued an interim ORDER ON MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY, on October 24, 2011, granting limited relief from the stay so that Plaintiff TRICIA O'TOOLE can "name the [Defendant NAPA HOME & GARDEN, INC.] in such actions as well as to perfect service upon the [Defendant NAPA HOME & GARDEN, INC.]" Id. At Para. 10.   Except solely for filing and serving Defendant NAPA HOME & GARDEN, INC., "the stay remains in effect thereafter and the [Defendant NAPA HOME & GARDEN, INC.] is not required to file an answer, otherwise respond or participate in such

2

actions except as otherwise set forth herein with respect to discovery as allowed under this interim Order." Id. As such, except as to the filing and serving of Defendant, NAPA HOME & GARDEN, INC., Defendant, NAPA HOME & GARDEN, INC. is not required to participate in any way in the instant action.

5.    At all times material to this action, Defendant, FUEL BARONS, INC. was a Nevada corporation with its corporate headquarters and principal place of business in Douglas County, Nevada.  At all times relevant herein, FUEL BARONS, INC. conducted substantial business in Florida, and the cause of action herein arises out of a tort committed in Florida and out of Defendant's business activities in Florida.  Additionally, Defendant caused injury to Plaintiff within Florida and was engaged in solicitation or service activities within Florida and/or processed, serviced, or manufactured products, materials, or things that were used or consumed within this state in the ordinary course of commerce, trade, or use.  Therefore, personal jurisdiction is proper under Fla. Stat. §48.193 and the Due Process Clause of the United States Constitution.

6.    At all times material to this action, Defendant, LOSOREA PACKAGING INC. was a Georgia corporation with its corporate headquarters and principal place of business Cherokee County, Georgia.  At all times relevant herein, LOSOREA PACKAGING INC. conducted substantial business in Florida, and the cause of action herein arises out of a tort committed in Florida and out of Defendant's business activities in Florida.  Additionally, Defendant caused injury to Plaintiff within Florida and was engaged in solicitation or service activities within Florida and/or processed, serviced, or manufactured products, materials, or things that were used or consumed within this state in the ordinary course of commerce, trade, or use.  Therefore, personal jurisdiction is proper under Fla. Stat. §48.193 and the Due Process Clause of the United States Constitution.

7.     At all times material to this action, Defendant, PLASTIC BOTTLE CORPORATION was an Illinois corporation with its corporate headquarters and principal place of business Libertyville, Lake County, Illinois.  At all times relevant herein, PLASTIC BOTTLE CORPORATION conducted substantial business in Florida, and the cause of action herein arises out of a tort committed in Florida and out of Defendant's business activities in Florida. Additionally, Defendant caused injury to Plaintiff within Florida and was engaged in solicitation or service activities within Florida and/or processed, serviced, or manufactured products, materials, or things that were used or consumed within this state in the ordinary course of commerce, trade, or use.  Therefore, personal jurisdiction is proper under Fla. Stat. §48.193 and the Due Process Clause of the United States Constitution.

8.     At all times material to this action, Defendant, APOLLO TECHNOLOGIES, INC., a foreign corporation, was a Georgia corporation with its corporate headquarters and principal place of business Smyrna, Cobb County, Georgia.   At all times relevant herein, APOLLO TECHNOLOGIES, INC., conducted substantial business in Florida, and the cause of action herein arises out of a tort committed in Florida and out of Defendant's business activities in Florida.  Additionally, Defendant caused injury to Plaintiff within Florida and was engaged in solicitation or service activities within Florida and/or processed, serviced, or manufactured products, materials, or things that were used or consumed within this state in the ordinary course of commerce, trade, or use.  Therefore, personal jurisdiction is proper under Fla. Stat. §48.193 and the Due Process Clause of the United States Constitution.

9.     At all times material to this action, Defendant, THE BRASS EXCHANGE, INC. was a North Carolina corporation with its corporate headquarters and principal place of business Blowing Rock, North Carolina.   The cause of action against Defendant, THE BRASS EXCHANGE, INC., arises out of a tort committed in Florida.  Additionally, Defendant caused

4

injury to Plaintiff within Florida and was engaged in solicitation or service activities within Florida and/or processed, serviced, or manufactured products, materials, or things that were used or consumed within this state in the ordinary course of commerce, trade, or use. Therefore, personal jurisdiction is proper under Fla. Stat. §48.193 and the Due Process Clause of the Unites States Constitution.

10.     Venue is proper in this Circuit pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Middle District of Florida and/or one or several of the defendants reside in the Middle District of Florida.

11.     All conditions precedent to the maintenance of this action have been satisfied and/or excused.

## FACTS COMMON TO ALL COUNTS

12.     Plaintiff, TRICIA O'TOOLE realleges and incorporates Paragraphs 1 through 11 above as if fully set forth herein.

13.     On or before June 17, 2011, Diane Coston, the mother of Plaintiff's boyfriend, purchased a Napa Home and Garden "Firelites" firepot from Defendant, THE BRASS EXCHANGE, INC.

14.     A Napa Home and Garden "Firelites" fire pot is a device comprised of a ceramic pot with a stainless steel cup in the middle.

15.     On or before June 17, 2011, Diane Coston, also purchased a bottle of Napa Home and Garden "pourable eco-gel fuel" (UPC Code: 0-46654 07587-2) from Defendant, THE BRASS EXCHANGE, INC.

16.     Napa Home and Garden "pourable eco-gel fuel" is poured into the Firelites firepot cup and then lit on fire. No wick is needed.

17.     On or about June 17, 2011, Plaintiff, TRICIA O'TOOLE, was an invited guest at the home of Diane Coston, located at 443 7th Avenue, Indialantic, Brevard County, Florida.

18.     On or about June 17, 2011, while Plaintiff, her boyfriend and Diane Coston were on an outdoor patio, Diane Coston poured Napa Home and Garden "pourable eco-gel fuel" into the Napa Home and Garden "Firelites" firepot.

19.     At that time, without any warning, a torch-like directional flame originated from the Napa Home and Garden "Firelites" fire pot and the Napa Home and Garden "pourable eco-gel fuel" bottle.  The flame flew toward Plaintiff, causing serious burn injury to her left hand and entire left thigh/leg.

20.     Prior to the above-described incident, the bottle of Napa Home and Garden "pourable eco-gel fuel" had been stored in a cool, dry place and had not been exposed to direct sunlight.

21.     The Napa Home and Garden "Firelites" firepot that Diane Coston purchased did not contain warnings or instructions of any kind.

22.     The Napa Home and Garden "pourable eco-gel fuel" bottle proclaims that the fuel is "Planet Safe & People Safe."

23.     The Napa Home and Garden "pourable eco-gel fuel" bottle proclaims further that it "is the cleanest and safest fuel you can buy."

24.     The Napa Home and Garden "pourable eco-gel fuel" bottle also proclaims that it "the Safe Pourable Gel."

25.     Both the Napa Home and Garden "Firelites" firepot and the Napa Home and Garden "pourable eco-gel fuel" bottle include the NAPA HOME & GARDEN, INC. name on the products.

6

26.     The "pourable eco-gel fuel" sold under the Napa Home and Garden name is designed and/or manufactured by Defendant FUEL BARONS, INC.

27.     Defendant, FUEL BARONS, INC. began its business in January 2009, manufacturing a form of ethanol for indoor ventless fireplaces.

28.     Shortly thereafter, Defendant FUEL BARONS, INC. began manufacturing a "Formula 4" of ethanol in a pourable gel form, which was distilled from "consumer waste" and was called "pourable eco-gel fuel".

29.     Upon information and belief, this "pourable eco-gel fuel" was packaged under the labels of other companies, including Defendant NAPA HOME & GARDEN, INC. as Napa Home and Garden "pourable eco-gel fuel."

30.     On or about February 2010, Defendant FUEL BARONS, INC. began manufacturing a "second generation" of its "pourable eco-gel fuel" sold and packaged under the labels of other companies, including Defendant NAPA HOME & GARDEN, INC. as Napa Home and Garden "pourable eco-gel fuel."

31.     Upon information and belief, the second generation of "pourable eco-gel fuel" was distributed prior to February 2011, but remained in the stream of commerce as of June 17, 2011.

32.     On or about February 2011, Defendant FUEL BARONS, INC., launched a "third generation" of its "pourable eco-gel fuel" sold under and packaged under the labels of other companies, including Defendant NAPA HOME & GARDEN, INC. as Napa Home and Garden "pourable eco-gel fuel."

33.     Upon information and belief, the third generation of "pourable eco-gel fuel" was distributed beginning in February 2011 and remained in the stream of commerce as of June 17, 2011.

34.     Defendant FUEL BARONS, INC.'s website states that the third generation of "pourable eco-gel fuel" is made from the waste products of the alcohol brewery process, specifically, "spent grains".

35.     Defendant FUEL BARONS, INC. promoted the third generation of its "pourable eco-gel fuel" on its website by proclaiming: "Any purer and it'd be Vodka!"

36.     According to a Material Safety Data Safety (MSDS) sheet, which was not distributed to consumers nor included with the purchase of either the Napa Home and Garden "Firelites" firepot and the Napa Home and Garden "pourable eco-gel fuel" bottle, for the second generation of the "pourable eco-gel fuel," the primary ingredient of the Napa Home and Garden "pourable eco-gel fuel" is Ethyl Alcohol, with more than ninety percent (90%) of the product containing Ethyl Alcohol.

37.     According to a Material Safety Data Safety (MSDS) sheet, which was not distributed to consumers nor included with the Napa Home and Garden "Firelites" firepot and the Napa Home and Garden "pourable eco-gel fuel" bottle, for the third generation of the "pourable eco-gel fuel," the primary ingredient of the Napa Home and Garden "pourable eco-gel fuel" is Ethyl Alcohol, with more than eighty percent (80%) of the product containing Ethyl Alcohol.

38.      Ethyl Alcohol is a clear, colorless, volatile, and flammable liquid.

39.     Ethyl Alcohol is a Class IB flammable liquid according to the National Fire Protection Association.

40.     According to both of the aforementioned MSDS sheets, the second and third generations of Napa Home and Garden "pourable eco-gel fuel" have a vapor density of 1.6, which is greater than the vapor density of propane and approximately sixty percent (60%) heavier than air.

8

41.     A MSDS sheet posted to the website of Defendant NAPA HOME & GARDEN, INC.'s website states the involvement of Defendant LOSOREA PACKAGING, INC. with the "pourable eco-gel fuel."

42.     Upon information and belief, Defendant LOSOREA PACKAGING, INC. either packages the "pourable eco-gel fuel" manufactured by Defendant FUEL BARONS, INC. for sale under Defendant NAPA HOME & GARDEN INC.'s name and logo and/or is the processing plant for the "pourable eco-gel fuel" manufactured by Defendant FUEL BARONS, INC. for sale under Defendant NAPA HOME & GARDEN INC.

43.     Upon information and belief, Defendant APOLLO TECHNOLOGIES, INC. either packages the "pourable eco-gel fuel" manufactured by Defendant FUEL BARONS, INC. for sale under Defendant NAPA HOME & GARDEN INC.'s name and logo and/or is the processing plant for the "pourable eco-gel fuel" manufactured by Defendant FUEL BARONS, INC. for sale under Defendant NAPA HOME & GARDEN INC.

44.     Upon information and belief, Defendant PLASTIC BOTTLE CORPORATION was a manufacturer of the packaging for the "pourable eco-gel fuel" manufactured by Defendant FUEL BARONS, INC. for sale under Defendant NAPA HOME & GARDEN INC.'s name and logo.

45.     As a result of the incident described herein, Plaintiff, TRICIA O'TOOLE, sustained severe and permanent injuries, as more particularly set forth herein.

## COUNT I

(Negligence as to Defendants NAPA HOME AND GARDEN, INC., FUEL BARONS, INC., LOSOREA PACKAGING, INC., THE BRASS EXCHANGE, INC., PLASTIC BOTTLE CORPORATION, and APOLLO TECHNOLOGIES, INC.)

46.     Plaintiff realleges and incorporates Paragraphs 1 through 11 and 13 through 45 above as if fully set forth herein.

47.     Defendants, NAPA HOME & GARDEN, INC., FUEL BARONS, INC., LOSOREA PACKAGING INC., THE BRASS EXCHANGE, INC., PLASTIC BOTTLE CORPORATION, and APOLLO TECHNOLOGIES, INC., owed Plaintiff TRISH O'TOOLE a duty of reasonable care and were negligent and careless and breached their duty of care by:

(i) failing to adopt and implement adequate safety hierarchy procedures and policies;

(ii) failing to use reasonable care and precautions to ensure the safe use of a Napa Home and Garden "Firelites" fire pot containing Napa Home and Garden "pourable eco-gel fuel" by users;

(iii) failing to exercise reasonable care in the design and packaging of the Napa Home and Garden "pourable eco-gel fuel";

(iv) failing to incorporate safeguards into the design of the Napa Home and Garden "pourable eco-gel fuel" bottle to prevent the emission of a high volume of combustible and explosive vapor which makes it unreasonably dangerous;

(v) failing to exercise reasonable care in the manufacturing of the Napa Home and Garden "pourable eco-gel fuel";

(vi) failing to exercise reasonable care in the testing of the Napa Home and Garden "pourable eco-gel fuel";

(vii) failing to exercise reasonable care in the inspection of the Napa Home and Garden "pourable eco-gel fuel";

(viii) failing to adopt and implement adequate warnings for the Napa Home and Garden "pourable eco-gel fuel";

(ix) failing to incorporate appropriate quality assurance procedures in the ongoing distribution of its products;

10

(vii) failing to exercise reasonable care in the design and manufacture of the packaging for the Napa Home and Garden "pourable eco-gel fuel"; and

(x) on such other and further particulars as the evidence may show.

48.     As a direct and proximate result of Defendants', NAPA HOME & GARDEN, INC., FUEL BARONS, INC., LOSOREA PACKAGING INC., THE BRASS EXCHANGE, INC., PLASTIC BOTTLE CORPORATION, and APOLLO TECHNOLOGIES, INC., negligence and the breaches complained herein, Plaintiff TRICIA O'TOOLE was caused to suffer bodily injury and resulting pain and suffering, disability disfigurement, mental anguish, loss of capacity of the enjoyment of life, expense of hospitalization and medical treatment, and loss of ability to earn money.  These losses are permanent and continuing, and Plaintiff TRICIA O'TOOLE will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff TRICIA O'TOOLE requests judgment against Defendants, FUEL BARONS, INC., LOSOREA PACKAGING INC., THE BRASS EXCHANGE, INC., PLASTIC BOTTLE CORPORATION, and APOLLO TECHNOLOGIES, INC., for damages and any further relief as the court deems proper.  Plaintiff TRICIA O'TOOLE demands trial by jury in the above-entitled action.

## COUNT TWO

(Negligent Manufacturing as to Defendants NAPA HOME AND GARDEN, INC., FUEL BARONS, INC., LOSOREA PACKAGING, INC., PLASTIC BOTTLE CORPORATION, and APOLLO TECHNOLOGIES, INC.;)

49.     Plaintiff, TRICIA O'TOOLE, realleges and incorporates Paragraphs 1 through 9 and 13 through 45 above as if fully set forth herein.

50.     Defendants, NAPA HOME & GARDEN, INC., FUEL BARONS, INC., LOSOREA PACKAGING INC., PLASTIC BOTTLE CORPORATION, and APOLLO TECHNOLOGIES, INC., the manufacturers of the Napa Home and Garden "pourable eco-gel

fuel" in question and its packaging, owed a duty of reasonable care to Plaintiff, TRICIA O'TOOLE, in the manufacturing of the Napa Home and Garden "pourable eco-gel fuel" and its packaging, and were negligent and careless and breached their duty of care to Plaintiff by:

(i) failing to conform to the specifications of the Napa Home and Garden "pourable eco-gel fuel";

(ii) failing to exercise reasonable care in the manufacturing of the Napa Home and Garden "pourable eco-gel fuel";

(iii) failing to use proper materials in the Napa Home and Garden "pourable eco-gel fuel";

(iv) failing to properly manufacture the Napa Home and Garden "pourable eco-gel fuel";

(iv) failing to properly manufacture the packaging for the Napa Home and Garden "pourable eco-gel fuel";

(v) manufacturing and placing into the stream of commerce a product that was defective and unreasonably dangerous;

(vi) failing to incorporate appropriate quality assurance procedures in the ongoing distribution of its products; and

(vii) on such other and further particulars as the evidence may show.

51.    As a direct and proximate result of Defendants', NAPA HOME & GARDEN, INC., FUEL BARONS, INC., LOSOREA PACKAGING INC., PLASTIC BOTTLE CORPORATION, and APOLLO TECHNOLOGIES, INC., defective manufacturing of the "eco-gel fuel" and its packaging, and the breaches complained herein, Plaintiff TRICIA O'TOOLE was caused to suffer bodily injury and resulting pain and suffering, disability disfigurement, mental anguish, loss of capacity of the enjoyment of life, expense of hospitalization and medical

12

treatment, and loss of ability to earn money.  These losses are permanent and continuing, and Plaintiff TRICIA O'TOOLE will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff TRICIA O'TOOLE requests judgment against Defendants, FUEL BARONS, INC., LOSOREA PACKAGING INC., PLASTIC BOTTLE CORPORATION, and APOLLO TECHNOLOGIES, INC., for damages and any further relief as the court deems proper.  Plaintiff TRICIA O'TOOLE demands trial by jury in the above-entitled action.

## COUNT THREE

(Negligent Failure to Warn as to Defendants NAPA HOME AND GARDEN, INC., FUEL BARONS, INC., LOSOREA PACKAGING, INC., PLASTIC BOTTLE CORPORATION, APOLLO TECHNOLOGIES, INC., and THE BRASS EXCHANGE, INC.)

52.     Plaintiff realleges and incorporates Paragraphs 1 through 11 and 13 through 45 above as if fully set forth herein.

53.     Defendant, NAPA HOME & GARDEN, INC., as a manufacturer of Napa Home and Garden "Firelites" firepot, owed duties to warn of foreseeable dangerous conditions of the Napa Home and Garden "Firelites" firepot which would impair its safety.

54.     Defendants, NAPA HOME & GARDEN, INC., FUEL BARONS, INC., LOSOREA PACKAGING INC., and APOLLO TECHNOLOGIES, INC., as manufacturers and packagers of Napa Home and Garden "pourable eco-gel fuel", owed duties to warn of foreseeable dangerous conditions of the Napa Home and Garden "pourable eco-gel fuel" which would impair its safety.

55.     Defendants, NAPA HOME & GARDEN, INC., FUEL BARONS, INC., LOSOREA PACKAGING INC., APOLLO TECHNOLOGIES, INC., and PLASTIC BOTTLE CORPORATION, as manufacturers of packaging for the Napa Home and Garden "pourable eco-

gel fuel", owed duties to warn of foreseeable dangerous conditions of the Napa Home and Garden "pourable eco-gel fuel" which would impair its safety.

56.     Defendant THE BRASS EXCHANGE, INC., as the retailer of the Napa Home and Garden "pourable eco-gel fuel" and Garden "Firelites" firepot, owed duties to warn of foreseeable dangerous conditions of the Napa Home and Garden "pourable eco-gel fuel" which would impair its safety.

57.     Defendants, NAPA HOME & GARDEN, INC., FUEL BARONS, INC., LOSOREA PACKAGING INC., PLASTIC BOTTLE CORPORATION, APOLLO TECHNOLOGIES, INC., and THE BRASS EXCHANGE, INC., knew or should have known that Napa Home and Garden "pourable eco-gel fuel" would be used to replenish Napa Home and Garden "Firelites" firepots once the fuel level in the firepots became low and/or empty.

58.     As a result, it was foreseeable to Defendants, NAPA HOME & GARDEN, INC., FUEL BARONS, INC., LOSOREA PACKAGING INC., PLASTIC BOTTLE CORPORATION, APOLLO TECHNOLOGIES, INC., and THE BRASS EXCHANGE, INC., that Napa Home and Garden "pourable eco-gel fuel" would be used to replenish Napa Home and Garden "Firelites" firepots once the fuel level in the firepots became low and/or empty.

59.     Defendants, NAPA HOME & GARDEN, INC., FUEL BARONS, INC., LOSOREA PACKAGING INC., PLASTIC BOTTLE CORPORATION, APOLLO TECHNOLOGIES, INC., and THE BRASS EXCHANGE, INC., knew or should have known that the process of replenishing the Napa Home and Garden "Firelites" firepot with the Napa Home and Garden "pourable eco-gel fuel" could make the firepot and/or fuel dangerous for its intended use.

60.     Defendants, NAPA HOME & GARDEN, INC., FUEL BARONS, INC., LOSOREA PACKAGING INC., PLASTIC BOTTLE CORPORATION, APOLLO

TECHNOLOGIES, INC., and THE BRASS EXCHANGE, INC., would have no reason to believe that users would realize this potential danger.

61.     Defendants, NAPA HOME & GARDEN, INC., FUEL BARONS, INC., LOSOREA PACKAGING INC., PLASTIC BOTTLE CORPORATION, APOLLO TECHNOLOGIES, INC., and THE BRASS EXCHANGE, INC, INC., have failed to exercise reasonable care to inform users of the firepot and fuel's dangerous condition created by refilling the firepot with fuel required for its intended use.

62.     Defendants, NAPA HOME & GARDEN, INC., FUEL BARONS, INC., LOSOREA PACKAGING INC., PLASTIC BOTTLE CORPORATION, APOLLO TECHNOLOGIES, INC., and THE BRASS EXCHANGE, INC., have failed to exercise reasonable care with the packaging to properly convey safety requirements.

63.     As a direct and proximate result of Defendants', NAPA HOME & GARDEN, INC., FUEL BARONS, INC., LOSOREA PACKAGING INC., PLASTIC BOTTLE CORPORATION, APOLLO TECHNOLOGIES, INC., and THE BRASS EXCHANGE, INC., failure to warn of the dangers of refilling the Napa Home and Garden "Firelites" firepot with Napa Home and Garden "eco-gel fuel" and the breaches complained herein, Plaintiff, TRICIA O'TOOLE was caused to suffer bodily injury and resulting pain and suffering, disability disfigurement, mental anguish, loss of capacity of the enjoyment of life, expense of hospitalization and medical treatment, and loss of ability to earn money.  These losses are permanent and continuing, and Plaintiff TRICIA O'TOOLE will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff TRICIA O'TOOLE requests judgment against Defendants, FUEL BARONS, INC., LOSOREA PACKAGING INC., PLASTIC BOTTLE CORPORATION, APOLLO TECHNOLOGIES, INC., and the BRASS EXCHANGE, INC., for

damages and any further relief as the court deems proper.  Plaintiff TRICIA O'TOOLE demands

trial by jury in the above-entitled action.

## COUNT FOUR

(Strict Products Liability as to Defendants NAPA HOME & GARDEN, INC., FUEL BARONS, INC., LOSOREA PACKAGING INC., PLASTIC BOTTLE CORPORATION, APOLLO TECHNOLOGIES, INC., and the BRASS EXCHANGE, INC.)

64.     Plaintiff realleges and incorporates Paragraphs 1 through 11 and 13 through 45 above as if fully set forth herein.

65.      At all times relevant herein, the Napa Home and Garden "pourable eco-gel fuel" was defective and unreasonably and inherently dangerous as to its design, manufacture, packaging, distribution and warnings, causing the fuel to be in a defective condition that made it unreasonably dangerous for its intended use.

66.     At all times relevant herein, NAPA HOME & GARDEN, INC., FUEL BARONS, INC., LOSOREA PACKAGING INC., PLASTIC BOTTLE CORPORATION, and APOLLO TECHNOLOGIES, INC., manufactured the Napa Home and Garden "pourable ecogel fuel" and/or its packaging.

67.     At all times relevant herein, THE BRASS EXCHANGE, INC., sold and marketed the Napa Home and Garden "pourable eco-gel fuel."

68.     The Napa Home and Garden "Firelites" firepot and Napa Home and Garden "pourable ecogel fuel" were used in an intended and/or foreseeable manner when the accident alleged herein occurred.

69.     Plaintiff neither misused nor materially altered said fuel, and at the time of the incident complained of herein, the fuel was in the same or substantially similar condition that it was in at the time of purchase.

70.     The Napa Home and Garden "Firelites" firepot and Napa Home and Garden "pourable eco-gel fuel" are unreasonably and inherently dangerous and defective because this product emits a high volume of combustible and explosive vapor that burns almost colorless, which makes ignition of vapors possible without warning, resulting in torch-like flames causing serious burns and/or injuries to its users.

71.     The Napa Home and Garden "Firelites" firepot and Napa Home and Garden "pourable eco-gel fuel" were defectively designed in that, although being used in the manner intended by Defendants, the Napa Home and Garden "firelites" firepot and Napa Home and Garden "pourable eco-gel fuel" did not perform as safely as an ordinary customer would expect.

72.     At all times herein, NAPA HOME & GARDEN, INC., FUEL BARONS, INC., LOSOREA PACKAGING INC., PLASTIC BOTTLE CORPORATION, and APOLLO TECHNOLOGIES, INC., had the technology and knowledge to incorporate a "vapor barrier" in the bottle of this product which would have been economic and profitable to produce on a mass scale, and would have protected Plaintiff from the harm and injury that she suffered.

73.     At all times herein, Defendants NAPA HOME & GARDEN, INC., FUEL BARONS, INC., LOSOREA PACKAGING INC., PLASTIC BOTTLE CORPORATION, APOLLO TECHNOLOGIES, INC., and THE BRASS EXCHANGE, INC. had a duty to warn users of the dangers associated with the Napa Home and Garden "pourable eco-gel fuel."

74.     Defendants, NAPA HOME & GARDEN, INC., FUEL BARONS, INC., LOSOREA PACKAGING INC., PLASTIC BOTTLE CORPORATION, APOLLO TECHNOLOGIES, INC., and THE BRASS EXCHANGE, INC., failed to warn of the inherent and latent defects that made this product dangerous and unsafe for its intended use.

75.     Defendants, NAPA HOME & GARDEN, INC., FUEL BARONS, INC., LOSOREA PACKAGING INC., PLASTIC BOTTLE CORPORATION, APOLLO

TECHNOLOGIES, INC., and THE BRASS EXCHANGE, INC. failed to provide a product that met all applicable state and federal regulations.

76.      Defendants, NAPA HOME & GARDEN, INC., FUEL BARONS, INC., LOSOREA PACKAGING INC., PLASTIC BOTTLE CORPORATION, APOLLO TECHNOLOGIES, INC., and THE BRASS EXCHANGE, INC., failed to design, test, manufacture, inspect, and/or sell a product that was safe for its intended use.

77.      Due to the defective condition set forth herein, the inherently dangerous and ultra hazardous product caused the injuries to Plaintiff.

78.      As a direct and proximate result of the defects set forth herein, Plaintiff, TRICIA O'TOOLE was caused to suffer bodily injury and resulting pain and suffering, disability disfigurement, mental anguish, loss of capacity of the enjoyment of life, expense of hospitalization and medical treatment, and loss of ability to earn money.  These losses are permanent and continuing, and Plaintiff TRICIA O'TOOLE will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff TRICIA O'TOOLE requests judgment against Defendants, FUEL BARONS, INC., LOSOREA PACKAGING INC., PLASTIC BOTTLE CORPORATION, APOLLO TECHNOLOGIES, INC., and the BRASS EXCHANGE, INC., for damages and any further relief as the court deems proper.  Plaintiff TRICIA O'TOOLE demands trial by jury in the above-entitled action.

## **COUNT FIVE**

(Negligent Infliction of Emotional Distress as to All Defendants)

79.     Plaintiff realleges and incorporates Paragraphs 1 through 13, 15 through 45, 47 through 48, and 50 through 51, 53 through 63, and 65 through 78 above as if fully set forth herein.

80.     The negligent acts and/or omissions of the Defendants NAPA HOME & GARDEN, INC., FUEL BARONS, INC., LOSOREA PACKAGING INC., THE BRASS EXCHANGE, INC., PLASTIC BOTTLE CORPORATION, and APOLLO TECHNOLOGIES, INC. complained of herein caused serious personal injury to Plaintiff, TRICIA O'TOOLE.

81.     As a direct result of Defendants' negligence and wrongdoing as set forth above, Plaintiff, TRICIA O'TOOLE, suffered psychological trauma and emotional distress.

82.     As a direct result of Defendants' negligence and wrongdoing, as set forth above, Plaintiff, TRICIA O'TOOLE, suffered a discernable physical injury.

83.     As a direct and proximate result of Defendants' negligent infliction of emotional distress as described above, Plaintiff, TRICIA O'TOOLE was caused to suffer bodily injury and resulting pain and suffering, disability disfigurement, mental anguish, loss of capacity of the enjoyment of life, expense of hospitalization and medical treatment, and loss of ability to earn money.  These losses are permanent and continuing, and Plaintiff TRICIA O'TOOLE will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff TRICIA O'TOOLE requests judgment against Defendants, FUEL BARONS, INC., LOSOREA PACKAGING INC., THE BRASS EXCHANGE, INC., PLASTIC BOTTLE CORPORATION, and APOLLO TECHNOLOGIES, INC., for damages and any further relief as the court deems proper.  Plaintiff TRICIA O'TOOLE demands trial by jury in the above-entitled action.

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a copy of the foregoing was electronically filed with the United States District Court for the Middle District of Florida on the 11<u>th</u> day of <u>January</u>, <u>2012</u>. Notice of this filing will be sent to Carey N. Bos, Esquire, Kubicki Draper, 201 S. Orange Avenue, Suite 475, Orlando, FL 32801, *Attorneys for Napa Home & Garden, Inc.*, Steven Y. Leinicke, Esquire, Wicker Smith, O'Hara, McCoy, & Ford, P.A., 515 E. Las Olas Blvd., Suite 1400, P.O. Box 14460, Ft. Lauderdale, FL 33301, *Attorneys for Fuel Barons, Inc.,* Matthew J. Smith, Esquire, Smith, Rolfes & Skavdahl Company, LPA, 801International Parkway, 5th Floor, Lake Mary, FL 32746, *Attorneys for Plastic Bottle Corporation,* Michael J. Obringer, Esquire, Marshall, Dennehey, Warner, Coleman, & Goggin, P.C., 200 West Forsyth St., Suite 1400, Jacksonville, FL 32202, *Attorneys for Losorea Packaging, Inc.,* Jay D. O'Sullivan, Esquire, Quintairos, Prieto, Wood, & Boyer, P.A., 9300 S. Dadeland Blvd., 4th Floor, Miami, FL 33156, *Attorneys for Apollo Technologies, Inc.,* and Robert P. Kelly, Law Office of Glenn G. Gomer, 600 North Westshore Blvd., Suite 1001, Tampa, FL 33609, *Attorneys for The Brass Exchange, Inc.,* by operation of the Court's CM/ECF electronic filing system, and the filing may be accessed through that system.

CATANIA & CATANIA, P.A.


<u>s/ Paul S. Reed</u>
PAUL S. REED, ESQUIRE
FBN:  0083143
Bank of America Plaza, Suite 2400
101 E. Kennedy Blvd
Tampa, FL 33602
(813) 222-8545
<u>paulr@cataniaandcatania.com</u>