**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TRICIA O'TOOLE,

    Plaintiff,                                  CASE NO: 8:11-CV-02724-SDM-AEP

vs.

NAPA HOME AND GARDEN, INC., a foreign corporation, FUEL BARONS, INC., a foreign corporation, LOSOREA PACKAGING, INC., a foreign corporation, THE BRASS EXCHANGE, INC., a foreign corporation, PLASTIC BOTTLE CORPORATION, a foreign corporation, and APOLLO TECHNOLOGIES, INC., a foreign corporation.

    Defendants.
_____/

## CASE MANAGEMENT REPORT

    **1.**    **Meeting of Parties.**  Pursuant to Local Rule 3.05(c)(3) and 3.05(c)(2)(B) a meeting was held on February 08, 2012 via conference call and was attended by Counsel for the following parties:

| | |
|---|---|
| Paul S. Reed, Esq. | Plaintiff, Tricia O'Toole |
| Michael J. Obringer, Esq. | Defendant, Losorea Packaging, Inc. |
| Jay D. O'Sullivan, Esq. | Defendant, Apollo Technologies, Inc. |
| Robert P. Kelly, Esq. | Defendant, The Brass Exchange, Inc. |

The following parties are in bankruptcy and were not present on the conference call:

| | |
|---|---|
| Carey N. Bos, Esq. | Defendant, Napa Home & Garden, Inc. |
| Steven Y. Leinicke, Esq. | Defendant, Fuel Barons, Inc. |

    Napa Home & Garden, Inc. filed a Petition under Chapter 11 of the Bankruptcy Code on July 5, 2011; Bankruptcy Case No. 11-69828, Northern District of Georgia, Atlanta Division.

    Fuel Barons, Inc. filed a Petition under Chapter 11 of the Bankruptcy Code on January 24, 2012; Bankruptcy Case No. 12-51650, Northern District of Georgia, Atlanta Division.

The following party was dismissed without prejudice before the conference call date:

> Matthew J. Smith, Esq.          Defendant, Plastic Bottle Corporation

Plaintiff has advised that in place of former defendant Plastic Bottle Corporation she will be naming another bottle supplier as a defendant, CKS Packaging Inc. of Atlanta, Georgia.

**2.     Case Management Track.**  This Court filed a Notice of Designation under Local Rule 3.05 [DE10], and assigned this case to Track Two cases under said Local Rule.

The Parties present at the Case Management Conference agree and request that this case be designated under Track Three, pursuant to US Middle District Court of Florida Local Rule 3.05(c).

The Parties submit that this case is a complex tort case, where multiple parties have been named, who each one of which had a different role and involvement and where two of the main defendants, both manufacturers, are in Chapter 11 Bankruptcy in Atlanta, Georgia.

Significant delays in obtaining needed documents and other discovery are expected due to these bankruptcies, as well as there being more involved discovery issues related to the same.

The Parties further submit that this case presents multiple factual and legal issues to be developed in discovery and potentially submitted to the Court in motion practice.

**3.     Nature of the Case.**

This is a product liability case for design defects against Defendant NAPA Home & Garden for its product known as a NAPA "Firelites" firepot, which product was manufactured by Napa and comprised of a ceramic firepot and a metal cup insert into which was poured the Napa liquid-gel-fuel.  This is also a product liability case against Defendant Fuel Barons, Inc., the manufacturer of the liquid gel fuel that it supplied to Napa.  This is case also asserts negligence claims against the defendant packagers and bottle suppliers.

Defendant Brass Exchange, Inc. was the retailer of the NAPA Home & Garden's product, including a bottle of the Napa liquid-gel-fuel.

The Plaintiff has alleged that Defendant Apollo Technologies and Defendant Losorea Packaging, Inc. were packagers, for a period of time, of the gel fuel bottles and gel fuel supplied by others, including filling the bottles with the gel fuel, which bottles

comprised part Defendant NAPA Home & Garden's product that was sold by it to retailers, including Defendant, The Brass Exchange.

Defendant NAPA Home & Garden is California corporation with its corporate headquarters and principal place of business in Cobb County, Georgia.  Defendant Fuel Barons is a Nevada corporation with its corporate headquarters and principal place of business in Douglas County, Nevada.  Defendant The Brass Exchange is a North Carolina corporation with its corporate headquarters and principal place of business Blowing Rock, North Carolina.  Defendant Losorea Packaging Inc. is a Georgia corporation with its corporate headquarters and principal place of business Cherokee County, Georgia and Defendant Apollo Technologies, Inc. is a Georgia corporation with its corporate headquarters and principal place of business Smyrna, Cobb County, Georgia.

As alleged by Plaintiff, Plaintiff Tricia O'Toole was visiting her boyfriend's mother's, Diane Coston, at her home on June 17, 2011.  Earlier in North Carolina Diane Coston had purchased a Napa Home and Garden "Firelites" firepot and liquid-gel-fuel in from Defendant, The Brass Exchange, Inc.

As alleged by Plaintiff, while Diane Coston's outdoor patio; Diane Coston poured the liquid-gel fuel into the "Firelites" firepot.  As a result, as also alleged, a torch-like directional flame originated from the fire pot and from the liquid-gel fuel bottle. The flame flew toward Plaintiff, causing burn injuries to her left hand and left thigh/leg.

**4.    Initial Disclosures.**  The Parties, with the exception of the parties in bankruptcy, stipulate to exchange information referenced by Fed.R.Civ.P. 26(a)(1)(A) on or before March 30, 2012 and Fed.R.Civ.P. 26(a)(1)(D) is applicable to parties served and joined later.

**5.    Pending Motion to Dismiss.**  The Parties note that Apollo Technologies Motion to Dismiss and Motion to Strike Plaintiff's Complaints [DE 33], filed on January 26, 2012, is still pending.

**6.    Motion to Lift the Bankruptcy Stay**.  The Plaintiff agrees to file a Motion to Lift the Bankruptcy Stay in both the Napa Bankruptcy and in the Fuel Barons Bankruptcy not later than May 1, 2012.

**7.    Discovery Plan:**  The Parties jointly agree to the following discovery plan:

   **a.    Planned Discovery for All Parties:**

   (1)    <u>Requests for Admission:</u>  Pursuant to Fed.R.Civ.P. 36, the Parties, except those in bankruptcy, expect to propound requests for admissions on each regarding all disputed issues no later than 60 days prior to the discovery cutoff.

(2) <u>Written Interrogatories:</u>  Pursuant to Fed.R.Civ.P. 33, the Parties, except those in bankruptcy, expect to propound initial interrogatories on each regarding all disputed issues in this case that are presently known no later than May 15, 2012.

(3) <u>Requests for Production or Inspection:</u>  Pursuant to Fed.R.Civ.P. 34, the Parties, except those in bankruptcy, expect to propound initial requests for production no later than May 15, 2012.

(4) <u>Oral Depositions:</u>  The Parties expect that they will depose any witnesses necessary to address disputed issues in this case and who have any information that is likely to lead to the discovery of admissible evidence.  The Parties acknowledge that many witnesses reside out of state.

**b.**     **Disclosure of Lay Witnesses**:  The Parties agree that all lay witnesses are to be identified by the Parties no later than May 1, 2013, absent an agreement of the parties.

**c.**     **Disclosure of Expert(s):**  The Parties agree, in accordance with Fed.R.Civ.P. 26(a)(2)(B) that:

1. Plaintiff's expert disclosure, including reports, will be due June 3, 2013;

2. Plaintiff will make her experts reasonably available for deposition beginning on June 10, 2013 to be completed within 30 days;

3. Defendants' expert disclosure, including reports, will be due on July 22, 2013; and

4. Defendants' will make their experts reasonably available for deposition beginning on July 22, 2013 to be completed within 30 days.

**d.**     **Completion of Discovery**:  Parties agree that the discovery cutoff in this matter will be September 16, 2013.

**8**.     **Joint Discovery Plan - Other Matters.**  The Plaintiff agrees to fully inform the Defendants on the status of the Bankruptcy cases for named Defendant Napa Home & Garden, Inc. and named Defendant Fuel Barons, Inc.

In addition, the Plaintiff agrees to disclose any information, product documents and pleadings received in the bankruptcy matters by her counsel (who has been retained by Plaintiff) for the Napa and Fuel Barons bankruptcies) to the Defendants within five (5) business days of receipt in electronic form if possible

**9.**     **Disagreement of Unresolved Issues Concerning Discovery Matters.** Unknown to the parties at this time.

**10.**    **Third Party Claims, Joinder of Parties, Potential Dispositive Motions.** Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties, except motions for summary judgment and all other potentially dispositve motions, should be November 1, 2012.

Parties agree that the final date for filing motions for summary judgment and all other potentially disposive motions should be October 15, 2013.

**11.**    **Settlement and Alternative Dispute Resolution.**  Pursuant to Local Rule 3.05(c)(2)(c)(v), the Parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement potential is unknown:

Parties do not consent to binding arbitration pursuant to Local Rules 8.02.

**12.**    **Consent to Magistrate Judge Jurisdiction.**  The parties do not agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial.  See 28 U.S.C. § 636.

**13.**    **Preliminary Pretrial Conference.**  The Parties presently request a preliminary pretrial conference to discuss the parties' concerns regarding the bankruptcy matters ancillary to this action, pursuant to US Middle District Court of Florida Local Rule 3.05(c)(3)(B), shortly after the initial disclosures are due as stipulated below.

**14.**    **Final Pretrial Conference and Trial.**  Parties agree that they will be ready for a final pretrial conference on or after January 2, 2014 and for trial on or about February 1, 2014.  This jury trial is expected to take approximately 10 trial days.

**15.**    **Pretrial Disclosures and Final Pretrial Procedures.**  Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed.R.Civ.P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

13.    **Other Matters.**  None at this time.

Dated   February 21, 2012

/s/ Jay D. O'Sullivan
Jay D. O'Sullivan, Esq.
FL Bar 0021905
Quintairos, Prieto, Wood, & Boyer, P.A.
9300 S. Dadeland Blvd., 4th Floor
Miami, FL 33156
Phone (305) 670-1101
Fax (305) 670-1161
josullivan@qpwblaw.com
Attorney for Defendant, Apollo Technologies, Inc.

/s/ Paul Reed
Paul S. Reed, Esq.
FL Bar 0083143
Catania & Catania, P.A.
101 E. Kennedy blvd., Ste 2400
Tampa, FL 33601
(813)222-8545
Fax (813)222-8544
paulr@cataniaandcatania.com
Attorney for the Plaintiff

/s/ Michael Obringer
Michael J. Obringer, Esq.
FL Bar 175217
Marshall, Dennehey, Warner, Coleman, & Goggin, P.C.
200 West Forsyth St., Suite 1400
Jacksonville, FL 32202
Phone (904) 358-4200
Fax (904) 355-0019
mjobringer@mdwcg.com
Attorney for Defendant, Losorea Packaging, Inc.

_____
Robert P. Kelly, Esq.
FL Bar 0973459
Law Office of Glenn G. Gomer
600 N. Westshore Blvd., Suite 1001
Tampa, FL 33609
Phone (813) 286-0068
Fax (813) 334-7160
robert.kelly@libertymutual.com
Attorney for Defendant, The Brass Exchange, Inc.