UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TRICIA O'TOOLE,

    Plaintiff,

CASE NO.: 11-cv-02724

-vs.-

NAPA HOME AND GARDEN, INC., a foreign corporation, FUEL BARONS, INC., a foreign corporation, LOSOREA PACKAGING, INC., a foreign corporation, THE BRASS EXCHANGE, INC., a foreign corporation, PLASTIC BOTTLE CORPORATION OF AMERICA, a foreign corporation, and APOLLO TECHNOLOGIES, INC., a foreign corporation

    Defendants.

_____/

**DEFENDANT APPOLLO TECHNOLOGIES' REPLY TO PLAINTIFF'S RESPONSE TO COURT'S APRIL 2, 2012 ORDER TO SHOW CAUSE [DE43]**

    COMES NOW, the Defendant, APOLLO TECHNOLOGIES, INC. ("APOLLO"), a Georgia contract packaging company, by and through its undersigned counsel, and files this, its Reply to Plaintiff's Response to Court's Order to Show Cause of April 2, 2012 [D.E.43] and states that Plaintiff's Complaint against Apollo must be dismissed pursuant to 28 U.S.C.A. §1332 for failure to demonstrate the jurisdictional amount of $75,000.

**A.**     **Plaintiff's Claim**

    Plaintiff's injury accident happened in the morning of June 17, 2011, allegedly because she had gel fuel splashed on her left leg and hand as a result of the efforts of her boyfriend's mother to re-fill a NAPA firepot with the gel fuel. At the time of this injury accident Plaintiff Tricia O'Toole was 21 years old.

    Plaintiff was initially taken to Holmes Regional Medical Center in Melbourne, Florida and then to Orlando Regional Medical Center, where she received treatment until her discharge of June 28, 2011, eleven days later.

Plaintiff's Complaint was filed in the United States District Court of Middle District of Florida and assigned case number 11-cv-02724.  Plaintiff filed Count 1 against all six party-defendants for negligence; Count 2 was against five of six party-defendants for negligent manufacturing; Count 3 was against all six party-defendants for negligent failure to warn; Count 4 was against all six party-defendants for strict products liability; and Count 5 was against all six defendants for negligent infliction of emotional distress.  All Counts in Plaintiff's Complaint assert claims against Apollo.

In Plaintiff's original Complaint of December 8, 2011, Plaintiff alleged damages in excess of $15,000 [DE 1].  Thereafter, inexplicably, on January 10, 2012, Plaintiff filed a First Amended Complaint [DE 15] and alleged, without a factual basis, damages in excess of $75,000.  For reasons that are unclear, on January 11, 2012, Plaintiff filed a Second Amended Complaint [DE 18], also alleging, without a factual basis, damages in excess of $75,000.

In pertinent part, in response to the Court's Order to Show Cause of April 2, 2012, the Plaintiff responded as follows:

> Tricia O'Toole has incurred $83,703.81 in past medical bills, and will incur future medical bills relating to reconstructive plastic surgery.  O'Toole Aff., ¶ 8, 9.  Additionally, Tricia O'Toole experienced excruciating pain and suffering as a result of the incident at issue.  O'Toole Aff., ¶ 10.

Plaintiff's Response to Court's April 2, 2012 Order to Show Cause, p. 1.  Plaintiff further supported her response with an affidavit that stated the same thing and attached to it six (6) sets of <u>undated</u> grainy black-and-white photographs [DE 43-7 through DE 47-13] showing what appear to be a left hand and leg second burn injuries in the process of healing.  Notwithstanding the requirements of FRCP 26(a)(1)(A)(ii), DE 43-7 contains photos never produced to Defendants.

Defendant Apollo submits that it comes as no surprise that no medical records were provided by Plaintiff in response to the Court's Order to Show Cause setting forth the conclusions of her treating physicians as to the lack of permanency of any of her injuries or their

2

conclusions that healing was occurring naturally and normally, i.e., no need for "reconstructive plastic surgery".

**B.    Pursuant to 28 U.S.C.A. §1332, Plaintiff Has Failed to Show Cause as to the Amount in Controversy as That Amount Does Not Meet the Threshold**

Pursuant to Fed.Rules Civ.Proc.Rule 12(b)(6):

"[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir.2002) (internal quotation marks and citation omitted); *see also Associated Builders, Inc. v. Ala. Power Co.,* 505 F.2d 97, 100 (5th Cir.1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true...."); *Robinson v. Jewish Ctr. Towers, Inc.,* 993 F.Supp. 1475, 1476 (M.D.Fla.1998) ("[T]he court will not accept, without more, conclusory allegations or legal conclusions masquerading as factual conclusions."); *Cummings v. Palm Beach County,* 642 F.Supp. 248, 249-50 (S.D.Fla.1986) (finding vague and conclusory complaint failed to state a *factual* basis for claims of race and age discrimination required to give defendant notice necessary to prepare defense). To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims.

*C & J Associates Pest Control v. Riley*, 2:06CV884-MEF, 2007 WL 1461799 (M.D. Ala. Mar. 23, 2007) report and recommendation adopted as modified sub nom. *C&J Associates Pest Control v. Riley*, 2:06-CV884-MEF, 2008 WL 616064 (M.D. Ala. Mar. 3, 2008).

In response to the conclusory allegations in Plaintiff's Second Amended Complaint, this Court filed an Order to Show Cause on April 2, 2012 [DE41]. The Plaintiff filed its Response [DE43] to this Court's April 2, 2012 Order to Show Cause on April 10, 2012 [DE41]. We now Reply to Plaintiff's Response to Court's April 2, 2012 Order to Show Cause.

"In determining whether the jurisdictional minimum has been met, the court must review the amount in controversy at the time of removal." *Stramiello v. Petsmart, Inc.*, Slip Copy, 2010 WL 2136550 (M.D. Fla. May 26, 2010) [1] (citing *Pease v. Medtronic, Inc.*, 6 F.Supp.2d 1354, 1356 (S.D. Fla. 1998)). As directed by this Court, "O'Toole shall SHOW CAUSE that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs." See [DE41]. What is relevant is the actual amount in controversy, not some hypothetical amount.

---

[1]  Attached to Plaintiff's Response to Court Order. [DE43]

In her Response [DE43], Plaintiff asserts that Plaintiff's past medicals add up to $83,703.81. What the health care providers billed to plaintiff's insurance carrier is not the relevant amount, what the health care providers accepted in payment is the relevant amount.

On February 10, 2012, Plaintiff served on Defendant Apollo Technologies, Inc copies of her medical and billing records. The amounts billed by Plaintiff's medical providers to her medical insurance carrier are as follows:

| | | |
|---|---|---|
| Brevard County 06/17/11 | 602.72 | Exhibit 1 |
| Coastal Health 06/18/11 | 896.00 | Exhibit 2 |
| Holmes Rgional Medical Center 6/17/11-6/18/11 | 5,541.55 | Exhibit 3 |
| Orlando Health 06/18/11-06/28/11 | 74,696.00 | Exhibit 4 |
| BayCare Home Care 06/29/11 | 130.54 | Exhibit 5 |
| Tampa General Hospital 07/05/11 | 194.00 | Exhibit 6 |
| Tampa General Hospital 08/25/11 | 121.00 | Exhibit 7 |
| TOTAL: | $82,181.81 | |

The problem with Plaintiff submitting to the Court only the amount her health care providers billed is that this does not take into account the amounts accepted by the health care providers in payment thereof.

For example, Plaintiff was billed $1,172.15 by Orlando Health on August 29, 2011 and her medical insurance carrier, Blue Cross Blue Shield, paid $401.70. See Exhibit 8. There was a 54.06% reduction/discount from the amount billed which Plaintiff has not accounted for or disclosed in its Response to this Court's Order. See Exhibit 9. Plaintiff also failed to provide any lien amounts in her initial disclosures provided to Defendant Apollo pursuant to FRCP 26(a)(1)(A)(ii) and none were provided as to the amounts accepted in payment, i.e. the amount in controversy, which this defendant asserts was intended to be vague

Based on our review, it appears that Plaintiff and her insurance company have been billed and have or will pay for approximately $40,000 in medical expenses. Notwithstanding Plaintiff's arguments that it can recover for amounts that will later be set off, these reductions/discounts are not billed or set-off amounts and cannot be included in the amount in controversy. See *Stramiello*, 2010 WL 2136550.

Plaintiff has also failed to set for the amounts of future medical costs.  Instead, Plaintiff continues to make conclusory allegation and Plaintiff's last amended Complaint [DE18] should be dismissed.

Finally, as Plaintiff's own medical records indicate that Plaintiff's burn injuries were second degree burns that are expected to heal in due course, i.e., no permanency.  See Exhibits 10, 11

## **CONCLUSION**

This Court should dismiss Plaintiff's Second Amended Complaint [DE18] because the Court lacks subject matter jurisdiction over Plaintiff's Complaint, and Plaintiff has failed to Show Cause for this action.

WHEREFORE, based on the foregoing, Defendant Apollo requests this Court to enter an order granting its motion to dismiss the Plaintiff's Second Amended Complaint [D.E.18].

Under separate cover and by a separate pleading, Defendant Apollo will supplement its pending Motion to Dismiss for Lack of Personal Jurisdiction in the immediate future.

/s/ Jay D. O'Sullivan
Jay D. O'Sullivan, Esq.
Florida Bar. No. 021905
Quintairos, Prieto, Wood & Boyer, P.A.
9300 South Dadeland Blvd., 4th Floor
Miami, Florida 33156
Phone No.:  (305) 670-1101
Fax No.:  (305) 670-1161
josullivan@qpwblawlaw.com
Attorneys for Defendant Apollo

Jackeline S. Rodriguez
Florida Bar. No. 070435
Quintairos, Prieto, Wood & Boyer, P.A.
9300 South Dadeland Blvd., 4th Floor
Miami, Florida 33156
Phone No.:  (305) 670-1101
Fax No.:  (305) 670-1161
jrodriguez@qpwblaw.com
Attorneys for Defendant Apollo

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
Attorneys for Defendants Classic Soft Trim, Inc. and Daniel Valencia
9300 S. Dadeland Boulevard, 4th Floor
Miami, Florida 33156
Tel: (305) 670-1101
Fax: (305) 670-1161
Email: josullivan@qpwblaw.com

By: */s/  Jay D. O'Sullivan*
JAY D. O'SULLIVAN, ESQ.
Fla. Bar No.: 0021905
JACKELINE S. RODRIGUEZ, ESQ
Fla. Bar No. 0070435