**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TRICIA O'TOOLE,

    Plaintiff,                                 CASE NO: 8-11-CV-2724-SDM-AEP

vs.

NAPA HOME AND GARDEN, INC., a foreign corporation
FUEL BARONS, INC., a foreign corporation,
LOSOREA PACKAGING, INC., a foreign corporation,
THE BRASS EXCHANGE, INC., a foreign corporation,
PLASTIC BOTTLE CORPORATION OF AMERICA,
a foreign corporation, and APOLLO TECHNOLOGIES, INC.,
a foreign corporation

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO REPLY TO DEFENDANT APOLLO'S "RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT APOLLO'S MOTION TO COMPEL PLAINTIFF TO PURSUE RELIEF FROM THE BANKRUPTCY COURT AS TO DISCOVERY AND MEMORANDUM IN SUPPORT THEREOF"**

    Plaintiff, Tricia O'Toole, by and through her undersigned attorney, files this Motion for Clarification or, in the Alternative, Motion for Leave to Reply to Defendant Apollo's "Response to Plaintiff's Motion to Strike Defendant Apollo's Motion to Compel Plaintiff to Pursue Relief from the Bankruptcy Court as to Discovery and Memorandum in Support Thereof," and states as follows:

    Plaintiff moved to strike Defendant Apollo's Motion to Compel Plaintiff to Pursue Relief from the Bankruptcy Court as to Discovery (hereinafter "Motion to Compel"), because Defendant Apollo did not file a supporting Memorandum, as required by Local Rule 3.01(a). Plaintiff also included a "conditional" memorandum in opposition to Apollo's Motion to

1

Compel, in the case that the Court did not grant her Motion to Strike Defendant's Motion to Compel. Defendant Apollo then filed a document entitled "Response to Plaintiff's Motion to Strike Defendant Apollo's Motion to Compel Plaintiff to Pursue Relief from the Bankruptcy Court as to Discovery and Memorandum in Support Thereof" (hereinafter "Response Memorandum"). That Response Memorandum briefly touches on the grounds for Plaintiff's Motion to Strike Defendant Apollo's Motion to Compel – the failure to provide the Rule 3.01(a) memorandum - - but primarily offers argument in support of Apollo's Motion to Compel. Therefore, it is unclear to Plaintiff whether the Response Memorandum is a response to Plaintiff's Motion to Strike Defendant Apollo's Motion to Compel, or whether the Response Memorandum is actually Apollo's Memorandum in support of its Motion to Compel, which Apollo initially failed to submit with its Motion to Compel. Plaintiff respectfully requests a clarification as to the nature of the pleading submitted by Defendant Apollo so that Plaintiff may address the pleading in accordance with the Local Rules of the Middle District of Florida.

Alternatively, if the Court construes Defendant Apollo's Response Memorandum as a response to Plaintiff's Motion to Strike, Plaintiff requests leave to file a Reply Memorandum, not to exceed ten pages, in order that Plaintiff may address the numerous arguments in the Response Memorandum which go beyond the scope of Plaintiff's Motion to Strike, in that they do not pertain to Defendant Apollo's failure to file a Rule 3.01(a) memorandum. As set forth in the Memorandum that follows, the law supports Plaintiff's request for clarification or, alternatively, her request to file a reply memorandum.

<u>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO REPLY TO DEFENDANT APOLLO'S "RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT APOLLO'S MOTION TO COMPEL PLAINTIFF TO PURSUE RELIEF FROM THE BANKRUPTCY COURT AS TO DISCOVERY AND MEMORANDUM IN SUPPORT THEREOF"</u>

Defendant APOLLO first failed to comply with Local Rule 3.01(a) by failing to file a memorandum in support of its Motion to Compel. Defendant APOLLO then failed to comply with Local Rule 3.01(b) by failing to file a memorandum in opposition to Plaintiff's Motion to Strike Defendant Apollo's Motion to Compel "that includes a memorandum of legal authority in opposition to the request . . . ." Instead, Defendant Apollo filed a Response Memorandum that included arguments and authority that went well beyond opposition to Plaintiff's request to strike Defendant's Motion to Compel. The Response Memorandum submitted by Defendant Apollo may possibly be the memorandum which Apollo initially failed to include with its Motion to Compel, though this is not entirely clear.

Defendant Apollo's failure to comply with Local Rule 3.01 has deprived Plaintiff the opportunity to fully address Defendant's arguments in seeking to compel Plaintiff to conduct discovery in bankruptcy proceedings involving other Defendants in this case. Plaintiff was forced to file a "conditional" memorandum in opposition to the Motion to Compel, without the full benefit of the arguments and authority subsequently put forward by Defendant in its "Response Memorandum" addressed to Plaintiff's Motion to Strike for failure to provide a memorandum. Plaintiff, therefore, requests that the Court provide a clarification regarding the manner in which it will construe Defendant Apollo's Response Memorandum - whether as a memorandum in support of Defendant Apollo's Motion to Compel, to which Plaintiff is entitled to respond, or whether as a response to Plaintiff's Motion to Strike, in which case Plaintiff would seek leave to reply.

Should the Court construe Defendant Apollo's Response Memorandum as response to Plaintiff's Motion to Strike, Plaintiff requests leave to file a reply. The Court has discretion, pursuant to Local Rule 3.01(d), to allow Plaintiff to file a reply memorandum. See e.g. Ottaviano

v. Nautilus Ins. Co., 2009 WL 425976 (M.D. Fla. February 19, 2009).  A reply to Defendant Apollo's Response Memorandum is warranted in the instant case, as the Response Memorandum goes well beyond the scope of the limited issue raised by Plaintiff's Motion to Strike Defendant Apollo's Motion to Compel.

Based on the foregoing, Plaintiff respectfully requests that the Court exercise its discretion to allow Plaintiff to file a brief memorandum, not to exceed ten pages, which addresses additional arguments and authority included in Defendant Apollo's Response Memorandum.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was electronically filed with the United States District Court for the Middle District of Florida on the 21st day of June, 2012.  Notice of this filing will be sent to Carey N. Bos, Esquire, Kubicki Draper, 201 S. Orange Avenue, Suite 475, Orlando, FL 32801, *Attorneys for Napa Home & Garden, Inc.,* Steven Y. Leinicke, Esquire, Wicker Smith, O'Hara, McCoy, & Ford, P.A., 515 E. Las Olas Blvd., Suite 1400, P.O. Box 14460, Ft. Lauderdale, FL 33301, *Attorneys for Fuel Barons, Inc.,* Michael J. Obringer, Esquire, Marshall, Dennehey, Warner, Coleman, & Goggin, P.C., 200 West Forsyth St., Suite 1400, Jacksonville, FL 32202, *Attorneys for Losorea Packaging, Inc.,* Robert P. Kelly, Esq., Law Office of Glenn G. Gomer, 600 N. Westshore Blvd., Suite 1001, Tampa, FL  33609, *Attorneys for The Brass Exchange, Inc.,* and Jay D. O'Sullivan, Esquire, Quintairos, Prieto, Wood, & Boyer, P.A., 9300 S. Dadeland Blvd., 4th Floor, Miami, FL 33156, *Attorneys for Apollo Technologies, Inc.* by operation of the Court's CM/ECF electronic filing system, and the filing may be accessed through that system.

CATANIA & CATANIA, P.A.

s/ Paul B. Catania
PAUL B. CATANIA, ESQUIRE
FBN:  764558
Bank of America Plaza, Suite 2400
101 E. Kennedy Blvd
Tampa, FL 33602
813/222-8545
paul@cataniaandcatania.com